UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUTH GOMEZ § | | |
| § | | C.A. NO. _____ |
| **Plaintiff,** § | | |
| v. § | | |
| § | | |
| ABDIRAHIM MOHAMUD AND P.A.M. § | | |
| CARTAGE CARRIERS, L.L.C. § | | |
| § | | |
| **Defendants.** § | | |

### DEFENDANTS' NOTICE OF REMOVAL

COMES NOW, Defendants, Abdirahim Mohamud and P.A.M. Cartage Carriers, L.L.C. and move to remove this action filed under Cause No. DC-21-02464 in the 68th Judicial District Court in Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas division, pursuant to 28 U.S.C. §1441 *et seq.*

### I.

### BACKGROUND

1. This case arises out of an 18-wheeler accident which occurred on August 19, 2019 in Dallas County, Texas. At about 1:30 p.m., Plaintiff, Ruth Gomez, was driving a 2001 Lexus IS300 eastbound on Interstate 635. Defendant Abdirahim Mohamud was driving a tractor-trailer under the DOT authority of P.A.M. Cartage Carriers, L.L.C. Defendant Abdirahim Mohamud was also traveling eastbound on I-635 in the right middle lane at normal highway speed. The accident occurred when Plaintiff's vehicle encroached into Mr. Mohamud's lane striking his vehicle.

2. On February 25, 2021, Plaintiff filed a lawsuit against Defendants in the 68th Judicial

District Court in Dallas County, Texas styled *Ruth Gomez vs. Abdirahim Mohamud and P.A.M. Transportation Services, Inc."* cause number DC-21-02464. (Attached as Exhibit B-2). In her Original Petition, Plaintiff averred "Plaintiff's damages do not exceed seventy-five thousand dollars ($75,000)." *Id.* at paragraph 10.

3.  Defendant Abidrahim Mohamud was served with process on March 13, 2021. (Exhibit B-6).

4.  Defendant Abdirahim Mohamud filed an Answer on April 5, 2021. (Exhibit B-7)

5.  Defendant P.A.M. Transportation Services, Inc. was served with process on April 21, 2023. (Exhibit B-9).

6.  Defendant P.A.M. Cartage Carriers, LLC (Incorrectly named as P.A.M. Transportation Services, Inc. filed an Answer on May 14, 2021. (Exhibit B-10)

7.  Plaintiff filed her First Amended Petition on June 11, 2021 naming the correct Defendant, P.A.M. Cartage Carriers, LLC (Exhibit B-12). Again, Plaintiff averred "Plaintiff's damages do not exceed seventy-five thousand dollars ($75,000)." *Id.* at paragraph 10.

8.  Plaintiff is a resident of Dallas County. (Exhibit B-2 at paragraph 2). Defendant Abdirahim Mohamud is a resident of the State of Kentucky (Exhibit B-2 at paragraph 3). Defendant, P.A.M. Cartage Carriers, L.L.C, is an Arkansas limited liability company with its principal place of business in Tontitown, Arkansas. PAM Cartage Carriers LLC's sole member is PAM Transport, Inc. which is a resident of Arkansas. (Exhibit C - Affidavit of Angela Clark at paragraph 4).

9.  In addition to the statement in her Petition that she was not seeking more than $75,000, throughout the state court litigation, Plaintiff's discovery responses listed economic damages totaling $11,732.72. (Exhibits E & F at Response to Request No. 4). On May 2, 2023, just three

days before mediation, Plaintiff amended her discovery responses increasing her recoverable economic damages claim by over $50,000. (Exhibit G). Now Plaintiff seeks economic damages of at least $62,164.09.[1]

10. On May 5, 2023, the parties attended mediation. At mediation, Plaintiff made a demand of $500,0000.00 and refused to respond to Defendants' settlement offer. (Exhibit D at paragraph 3).

## II.

## PROCEDURAL MATTERS

11. Defendants have filed this Notice of Removal within 30 days of service of Plaintiff's Fourth Supplemental Responses to Request for Disclosure by which Defendants first ascertained that this case had become removable.

12. Defendants are not citizens of the state of Texas.

13. All Defendants consent to the removal of this case.

14. Upon filing this Notice of Removal, the Defendants will provide written notification to Plaintiff and will file notification of removal attaching a copy of this Notice of Removal with the clerk of the court for Dallas County, Texas (attached hereto as Exhibit A).

15. The 68th Judicial District Court of Dallas County is located in the Northern District of Texas, Dallas Division.

16. Venue is proper in this Court.

17. Copies of State Court docket sheet and each document filed in the state action, including process, pleadings and orders (excluding discovery materials) are being filed with this Notice (attached hereto as Exhibits B-1 to B-43).

---

1. Plaintiff also seeks economic damages for loss of earning capacity but has not specified the amount.

## III.

## **REMOVAL JURISDICTION**

18. This action is a civil action in which the Court has original jurisdiction under 28 U.S.C. §1332 and is one which may be removed to this Court by the Defendants pursuant to the provisions of 28 U.S.C. §1441, *et seq.* There is complete diversity of citizenship as the parties are citizens of different states. Thus, removal is proper pursuant to 28 U.S.C. §1332(a)(1).

   **A. Standard for removal after the one-year deadline.**

19. Pursuant to 28 U.S.C. § 1446(b)(l), if a case started by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may be ascertained that the case is or has become removable.

20. This case was not initially removable when originally filed because Plaintiff averred in her Original Petition that she was not seeking more than $75,000. Until May 2, 2023, Plaintiff's discovery responses only reflected economic damage claims totaling $11,732.71. However, this case became removable when Plaintiff served her Fourth Amended Responses to Requests For Disclosures on May 2, 2023 asserting at least $62,000.00 in economic damages alone and when she made a settlement demand of $500,000.00 at mediation on May 5, 2023.

21. In the event of removal based on diversity of citizenship, a case may not be removed

under §1446(c)(l) more than one year after the commencement of the action, *"unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing an action."* (Emphasis added). Conduct rises to the level of bad faith when that conduct amounts to "manipulation of the removal statute" or a "transparent attempt to avoid federal jurisdiction." *Boney v. Lowe's Home Ctrs. LLC*, 2019 U.S. Dist. LEXIS 187416, 2019 WL 5579206, at *2 (N.D. Tex. Oct. 29, 2019); see also *Vallecillo v. Wells Fargo Home Mortg. Fin., Inc.*, 2017 U.S. Dist. LEXIS 230598, 2017 WL 9935522, at *2 (W.D. Tex. Sept. 18, 2017).

**B. The one-year limitation of §1446(c)(l) does not apply because Plaintiff's conduct evidences an intent to manipulate the removal statute and to avoid Federal Jurisdiction.**

22. Plaintiff's Original and First Amended Petitions each state that her damages do not exceed $75,000.00. This alone reflects a transparent attempt to avoid Federal jurisdiction. Texas Rule of Civil Procedure 47 requires plaintiffs plead in certain predefined damage ranges such as "only monetary relief of $100,000 or less," or "monetary relief over $100,000 but not more than $200,000." There is no provision in Rule 47 permitting a plaintiff to plead for damages "not to exceed $75,000," as Plaintiff has here. The only reason for such a specific damage averment is to avoid removal to Federal court. Plaintiff purposefully deviated from the Texas rules governing pleading requirements so as to avoid federal jurisdiction. Thus, her pleading with respect to the amount in controversy is not in good faith. *Ford v. UPS (Ohio)*, 2014 U.S. Dist. LEXIS 116214, *5-6 (N.D. Tex. August 21, 2014)(Fitzwater, CJ).

10. Furthermore, until May 2, 2023, her discovery responses reflected only $11,732.71 in economic damages. This prevented Defendants from being permitted to remove this case as they could not satisfy their burden of proving an amount in controversy of $75,000. More than two

years after filing this lawsuit, Plaintiff submitted medical bills totaling over $129,000. The medical bills Plaintiff belatedly produced relate to treatment for alleged back injuries Plaintiff had from long before the institution of this lawsuit. Thus, it is apparent that Plaintiff used the averment that her damages do not exceed $75,000 in an effort to conceal her real allegations with respect to damages to prevent Defendants from removing this case. Her mediation demand of $500,000 makes it evident that her averment in her Petition that her damages do not exceed $75,000 was subterfuge to avoid Federal jurisdiction. For this additional reason, the one-year limitation contained in §1446(c)(l) does not apply, and removal is appropriate.

On the basis of the foregoing, Defendants remove this action to this Court.

Respectfully submitted,

*/s/ Frank G. Cawley*
FRANK G. CAWLEY
State Bar No. 24006978
**CAWLEY LAW, L.L.C.**
2591 Dallas Parkway, Suite 300
Frisco, Texas 75034
469/259-2221 Telephone
frank@cawleylawgroup.com

Attorney for Defendants,
Abdirahim Mohamud and
P.A.M. Cartage Carriers, L.L.C.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was forwarded to all counsel of record via certified mail pursuant to the Rule 5 of the Federal Rules of Civil Procedure on the 9th day of May 2023.

*/s/ Frank G. Cawley*
FRANK G. CAWLEY